## E. R. HEARREAN V. THE STATE.

No. 21357.   Delivered January 8, 1941.

The opinion states the case.

*Foster T. Bean,* of Kilgore, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

E. R. Hearrean was convicted in the county court of Rusk County on a charge of swindling, and assessed a fine of $100.00, from which he appeals.

The allegation is made and the evidence shows that the prosecuting witness was engaged in the stock commission business in the city of Henderson. He had regular sales dates at which he would offer for sale such stock as were brought to him by customers. On January 1, 1940, the appellant purchased at such a sale fourteen hogs for which he gave his check in the amount of $39.20 on the Kilgore National Bank. In turn, the prosecuting witness gave the owner of the hogs, his customer, a check for the sale price of the hogs less his commission.

The evidence shows without dispute that at the time of the purchase, or within a few hours thereafter, one of the hogs was sick and within a few days died of cholera. Following this and within a very few days all of the hogs died of cholera. Appellant stated that he stopped payment of the check because of this fact.

The allegation upon which the prosecution is based reads, "that the said E. R. Hearrean did not have sufficient funds with said bank to pay said check and all other checks, drafts and orders outstanding at the time said check was given and drawn." It further alleges the presentment of the check and the bank's refusal to pay same. These are necessary and proper allegations constituting the charge on which the prosecution

was based. At the conclusion of the testimony appellant asked for an instructed verdict, which was refused.

Eight bills of exception are presented, but it will not be necessary to discuss them. The only evidence offered by the State on the question of the return of the check was by the witnesses Frank Bell and Douglas Patton, who, after testifying that appellant inquired if the check had been returned, instructed the witnesses to place it in the bank a second time and then the witnesses said, "The check was returned and was re-deposited and returned the second time unpaid."

There is no evidence in the record showing that the appellant did not have sufficient money to pay the check at the time it was drawn or any time thereafter. The necessary allegations in the complaint and information must be sustained by the proof. Having failed to do so, the jury was not authorized to return a verdict of guilty.

By bill of exception No. 2 complaint is made of the evidence of Frank Bell, over the objection of appellant, that he had been told by the veterinarian that it took only thirty six hours for a hog to take the disease of cholera after it had been exposed. This evidence was hearsay. It was brought out by the State for the purpose of rebutting appellant's theory that the hogs which he purchased had the cholera at the time he gave the check and were of no value. The State's prosecuting witness Frank Bell admitted that if the hogs were diseased at the time of the sale they would have no value. Proof of such fact would be a proper defense to the charge of swindling as it was laid. The bill is sustained.

Other complaints were raised by bills which will probably not occur at another trial of the case.

For the failure of the State to prove the necessary allegations, and the error complained of by bill of exception No. 2, the judgment of the trial court is reversed and the cause remanded.